

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-14-00353-CV

## IN THE INTEREST OF W.B. AND O.C.B., CHILDREN

_____

**From the County Court at Law
Bosque County, Texas
Trial Court No. CV13164**

## MEMORANDUM  OPINION

Appellant O.S. appeals the termination of her parental rights to her children W.B. and O.C.B. following an adverse jury trial.[1]  After the court reporter notified us that the disk she used on the first day of trial was defective and did not record any of her notes and that the audiotape contained too many "inaudibles" for her to prepare an accurate reporter's record for that day,[2] we abated this appeal for the trial court to hold a hearing so that we could make a new-trial determination under Rule of Appellate Procedure 34.6(f).  The hearing has taken place, and we have supplemental records from it.

---

[1] The parental rights of C.B., the father of W.B. and O.C.B., were also terminated in the same order of termination, but he did not appeal.

[2] According to the reporter, the first day of this two-day jury trial consisted of voir dire and the testimony of three witnesses (Appellant, a CPS supervisor, and a probation officer).

The trial court issued findings, including a finding that the parties agree that a new trial is necessary because a substantial portion of the reporter's record is missing. Furthermore, the trial court's findings and the record of the hearing indicate that the parties have largely resolved the underlying case because Appellant has since executed an affidavit of relinquishment of her parental rights to W.B. and to O.C.B.

The parties have agreed that, based on the lost and destroyed reporter's record, Appellant is entitled to a new trial. They have further agreed that we should reverse the trial court's termination order as to Appellant and remand the case to the trial court for a new trial for termination of Appellant's parental rights based only on Appellants' relinquishment affidavit.[3]

Based on the parties' recorded agreement and the trial court's findings, we reverse that portion of the trial court's October 31, 2014 termination order terminating only Appellant O.S.'s parental rights to the children W.B. and O.C.B. and leave the remaining portions of the trial court's termination order as to the termination of C.B.'s parental rights to the children W.B. and O.C.B. undisturbed and in full force and effect. And under Rule 34.6(f) and the parties' agreement thereon, we remand this case to the trial court for a new trial to be held in accordance with the parties' agreement.

REX D. DAVIS
Justice

---

[3] Appellant's docketing statement identifies her appellate issue to be the insufficiency of the evidence to support termination. We thus agree that Appellant would be entitled to a new trial under Rule 34.6(f).

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Reversed in part and remanded
Opinion delivered and filed April 16, 2015
[CV06]

